

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00741-CV

Deidre Elane **SCHAMP**,
Appellant

v.

Edward **MITCHELL**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-20583
Honorable Solomon Casseb III, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Jason Pulliam, Justice

Delivered and Filed:  July 22, 2015

REVERSED AND REMANDED

This is a restricted appeal from an enforcement order of a divorce decree.  The record conclusively shows Appellant was not served with the petition for enforcement of property division and she did not make an appearance at any stage of the enforcement proceedings until she filed her notice of restricted appeal.  We reverse the trial court's May 6, 2014 enforcement order and remand the cause to the trial court for further proceedings consistent with this opinion.

**BACKGROUND**

On January 22, 2005, Edward Mitchell and Deidre Elane Schamp divorced. Under the divorce decree, Deidre was obligated to refinance a promissory note payable to Coastal Credit and pay the balance due on that note.

On December 20, 2013, Edward filed a petition for enforcement of property division claiming Deidre failed to comply with the divorce decree. The district clerk's docket sheet shows that on that same day, Edward requested that the district clerk issue citation for service of process on Deidre. The docket sheet does not contain an entry showing service of process was accomplished on Deidre.

The next entry on the docket sheet is a request made on March 3, 2014, by Edward's attorney for a non-jury trial setting. A docket entry of the same date indicates that an order is to come for a "setting on trial on the merits [for April 14, 2014]." The docket sheet does not contain an entry showing Edward's attorney ever submitted an order for a setting. The docket sheet likewise does not contain an entry showing a trial took place on April 14, 2014.

The next entry on the docket is on May 6, 2014, relating to an "order on enforcement" by the trial court. The May 6, 2014 order of enforcement contains in part the following recitals:

> On April 14, 2014[,] the Court heard the Petition for Enforcement of Property Division of Edward Mitchell, Petitioner.
>
> *Appearances*
>
> Petitioner, Edward Mitchell, appeared through attorney of record, JON R. DISRUD, and announced ready for trial.
>
> Respondent, Deidre Elane Schamp, appeared in person and announced ready for trial.
>
> *Proceedings*
>
> All matters of law and of fact were submitted to the Court, and the Court heard the evidence and considered the pleadings and argument of counsel.

*Jurisdiction*

The Court finds that it has jurisdiction over the subject matter and the parties in this case. All persons entitled to citation were properly cited.

The issue before us is whether Deidre met the requirements for a restricted appeal.

## STANDARD OF REVIEW FOR RESTRICTED APPEAL

In a restricted appeal, our "review is limited to errors apparent on the face of the record." *Fid. & Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 573 (Tex. 2006); *accord Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). We review all the documents in the appellate record, including the clerk's and reporter's records. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *In re Guardianship of V.A.*, 390 S.W.3d 414, 416 (Tex. App.—San Antonio 2012, pet. denied).

> To prevail on a restricted appeal, the appellant must prove
>
> (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (citing *Alexander*, 134 S.W.3d at 848); *accord In re Guardianship of V.A.*, 390 S.W.3d at 416; *see also* TEX. R. APP. P. 30 (restricted appeal). In our review, we must "liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal." *Pike-Grant*, 447 S.W.3d at 886 (citing *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985)).

## ANALYSIS

Deidre contends she met all the requirements of a restricted appeal.[1] Deidre argues the face of the record shows she was not served and, despite the enforcement order's recitals, she did not appear on April 14, 2014, for trial because no trial was held. We agree.

### A. First Two Elements

The first two elements of a restricted appeal are a timely filed notice of appeal and the appellant being a party to the underlying suit. *Pike-Grant*, 447 S.W.3d at 886; *Alexander*, 134 S.W.3d at 848. The record conclusively proves the relevant facts. Deidre was a party in the enforcement suit, and the trial court signed the order on May 6, 2014. Deidre filed her notice of restricted appeal on October 23, 2014, within six months of the date the order was signed. *See* TEX. R. APP. P. 26.1(c), 30. We conclude Deidre satisfied the first two elements. *See Pike-Grant*, 447 S.W.3d at 886; *Alexander*, 134 S.W.3d at 848.

### B. Second Two Elements

The remaining two elements are Deidre's non-participation in the enforcement order hearing and error on the face of the record. *See Pike-Grant*, 447 S.W.3d at 886; *Alexander*, 134 S.W.3d at 848.

The enforcement order and the docket sheet contain conflicting entries. First, the enforcement order recites "[a]ll persons entitled to citation were properly cited." But the clerk's record does not contain a return of service, and the docket sheet does not contain an entry for a return of service, any indication that Deidre ever appeared at any time until she filed her notice of restricted appeal, or any entry that Deidre waived service. Second, the order recites Deidre "appeared in person and announced ready for trial," but the docket sheet only shows an order was

---

[1] Edward did not file a brief.

*to be* submitted for the trial setting; there is no entry showing that Edward ever submitted a non-jury trial setting order or served Deidre with notice of the trial setting. Further, the docket sheet does not have an entry showing a non-jury trial ever took place. The face of the record shows Deidre "did not participate in the hearing that resulted in the [order] complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law." *See Pike-Grant*, 447 S.W.3d at 886 (citing *Alexander*, 134 S.W.3d at 848).

The face of the record likewise shows Deidre was never served, she did not answer, she never appeared before the order issued, and she did not in any other manner waive service; the enforcement order was effectively a default order. *Cf. Wilson v. Dunn*, 800 S.W.2d 833, 836–37 (Tex. 1990) (describing a default judgment as one where the defendant fails to plead or otherwise defend against the plaintiff's claim and proscribing default judgments, even with actual notice, without proper service). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [restricted appeal of] a default judgment." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Here, the record does not affirmatively show proper service, and thus "there is error on the face of the record." *See id.*; *accord Fid. & Guar. Ins. Co.*, 186 S.W.3d at 573.

Based on the totality of the record before us and liberally construing the non-participation requirement for restricted appeals in favor of Deidre's right to appeal, we conclude Deidre met the requirements for a restricted appeal. *See Pike-Grant*, 447 S.W.3d at 886; *Alexander*, 134 S.W.3d at 848; *Stubbs*, 685 S.W.2d at 644–45.

## CONCLUSION

In this restricted appeal, the face of the record shows Deidre was never served. Although the enforcement order recites that Deidre was cited and appeared and announced ready for a July 14, 2014 trial, the docket sheet shows no such trial took place. We conclude that error is

apparent on the face of the record, and Deidre met all the requirements for a restricted appeal. We reverse the trial court's order and remand this cause to the trial court for further proceedings consistent with this opinion.

Patricia O. Alvarez, Justice