**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jose Luis SOTO, Appellee.**

**No. 13–08–00520–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 26, 2009.

---

J. Frank Davis, Courtney Moore, Texas Department of Public Safety, Austin, for appellant.

Eduardo Lucio, Law Office of Eddie Lucio, Brownsville, for appellee.

Before Justices YAÑEZ, RODRIGUEZ, and BENAVIDES.

**OPINION**

Opinion by Justice RODRIGUEZ.

Appellant, the Texas Department of Public Safety (TDPS), appeals the trial court's order granting a petition for expunction filed by appellee, Jose Luis Soto. By two issues, TDPS contends that it did not receive notice of the expunction hearing and that Soto did not meet his burden of proof. We reverse and set aside the expunction order and remand for proceedings consistent with this opinion.

## I. BACKGROUND

On December 19, 2007, Soto filed a petition for expunction of his arrest records that listed five agencies as respondents, including TDPS. The trial court set a hearing for March 3, 2008, and TDPS was notified of the hearing by certified mail. TDPS filed an original answer denying each and every allegation in Soto's petition. On March 3, the trial court reset the hearing to March 27. On March 18, 2008, the Cameron County District Attorney, another agency listed in Soto's petition, filed a motion for continuance. The trial court reset the hearing to July 31, 2008. On April 22, 2008, Soto filed an amended petition for expunction, and a hearing was set for June 26, 2008. On June 26, the trial court rescheduled the hearing to July 31, 2008. TDPS did not receive notice of the new date nor did it waive the requirement of notice. As a result, TDPS did not participate at the July 31 expunction hearing during which the trial court granted the expunction of Soto's arrest records. This appeal ensued.

## II. DISCUSSION

■ The procedures to be followed in an expunction proceeding are set forth in article 55.02 of the Texas code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 (Vernon Supp. 2008). Because the right to expunction is a statutory privilege, the petitioner must satisfy the provisions of article 55.02 in order for his action to be sustained. *Ex parte Myers*, 68 S.W.3d 229, 232 (Tex.App.-Texarkana 2002, no pet.). Section 2(c) of article 55.02 provides that "the court ... shall give reasonable notice of the hearing to each ... agency ... named in the petition" by either certified mail, return receipt requested or secure electronic mail, electronic transmission, or facsimile transmission.