

## NUMBER 13-08-00636-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

TEXAS DEPARTMENT OF PUBLIC SAFETY,                    Appellant,

v.

DEBORAH ANN LOZANO,                    Appellee.

On appeal from the 197th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Texas Department of Public Safety ("TDPS"), appeals the trial court's

order granting a petition for expunction filed by appellee, Deborah Ann Lozano.  TDPS

contends that (1) it did not receive the statutorily mandated notice of the hearing, and (2) Lozano is not entitled to the expunction of her record. We reverse and set aside the expunction order and remand for proceedings consistent with this opinion.

## I. Background

On July 28, 2008, Lozano filed a petition of expunction of records in which she listed eight agencies, including the TDPS. The trial court set the matter for hearing on September 24, 2008, and notice was sent to all parties, including the TDPS, by certified mail. On September 3, 2008, the TDPS filed an original answer, stating that Lozano was not entitled to expunction of her records.

The hearing of September 24, 2008 was reset for October 8, 2008.[1] There is nothing in the record indicating that notice of the resetting of the case was sent. At the October 8th hearing, the trial court signed an order of expunction. Because TDPS did not receive notice of the new hearing date, it did not participate in the hearing.

## II. Discussion

Texas Code of Criminal Procedure article 55.02 governs the procedures for expunction. TEX. CODE CRIM. PROC. ANN. art. 55.02 (Vernon Supp. 2008). Because the right to expunction is a statutory privilege, the provisions are mandatory and must be complied with in an expunction proceeding. *See Tex. Dept. Public Safety v. Soto*, No. 13-08-00520-CV, 2009 Tex. App. LEXIS 2040, at *2 (Tex. App.–Corpus Christi Mar. 26, 2009, no pet.); *see also Tex. Dept. Public Safety v. Kelly*, No. 13-08-635-CV, 2009 Tex. App.

---

[1] A notation is made in the docket sheet of only the resetting date.

2

LEXIS 2047, at *2 (Tex. App.–Corpus Christi Mar. 26, 2009 no pet.) (mem. op.). Article 55.02 provides that the court shall set a hearing on a petition for expunction no sooner than thirty days from the filing of the petition and shall give reasonable notice of the hearing to each respondent named in the petition by certified mail, return receipt requested, or secure electronic mail, electronic transmission, or facsimile transmission. TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c).

TDPS first contends that the expunction order should be set aside because it did not have notice of the October 8th hearing. We agree. TDPS was a named party in the petition and had filed a general denial answer, it was therefore, entitled to notice of the hearing. *Soto*, 2009 Tex. App. LEXIS 2040, at *3. Even though the October 8th hearing had been reset from an earlier hearing date, the TDPS was entitled to receive notice of the rescheduled hearing. *Tex. Dept. Of Public Safety v. Deck*, 954 S.W.2d 108, 108-11 (Tex. App.–San Antonio 1997, no pet.) (concluding that the trial court erred in granting a petition for expunction because the appellant did not receive notice that the expunction hearing was reset); *see also Tex. Dept. Public Safety v. Chapa*, No. 13-07-00318-CV, 2007 Tex. App. LEXIS 9149, at *5-6 (Tex. App.–Corpus Christi Nov. 20, 2007, no pet.) (mem. op.). Because nothing in the record shows that TDPS received notice of the reset hearing, Lozano failed to comply with the mandatory procedures, and we are required to set aside the expunction order. Accordingly, we sustain TDPS's first issue and need not address its second issue. *See* TEX. R. APP. P. 47.1.

3

## III. Conclusion

We reverse and set aside the expunction order and remand for proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 9th day of July, 2009.

4