

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00761-CV

The **STATE** of Texas,
Appellant

v.

Ruben Nathan **GARCIA**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 2011-0810-CV
Honorable Dwight E. Peschel, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: July 31, 2013

REVERSED AND REMANDED

The State of Texas filed this restricted appeal, challenging the trial court's order granting Ruben Nathan Garcia's petition for expunction. Because the record does not reflect the trial court gave notice of the expunction hearing as required by statute, we reverse the order and remand the cause to the trial court for a new hearing.

Garcia's petition for expunction was filed pursuant to article 55.01(a)(2) of the Texas Code of Criminal Procedure on April 14, 2011. The 25th Judicial District Attorney, the Texas Department of Public Safety, and the State of Texas filed answers and general denials. On October

1, 2012, the trial court signed an order of expunction. The State of Texas timely filed a notice of restricted appeal, arguing there is error on the face of the record because it was not given notice of the expunction hearing. Garcia did not file an appellee's brief.

To prevail on a restricted appeal, a party to the underlying suit must (1) file a notice of restricted appeal within six months of the date the judgment was signed; (2) show it did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of; (3) show it did not timely file any post-judgment motions or a request for findings of fact and conclusions of law; and (4) show error apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); TEX. R. APP. P. 30.

Article 55.02 of the Code of Criminal Procedure sets out the mandatory procedures that must be complied with in an expunction proceeding. *See Texas Dep't of Public Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no pet.); TEX. CODE CRIM. PROC. ANN. art 55.02 (West Supp. 2012). Section 2(c) of article 55.02 requires the trial court to give each official, agency, or governmental entity named in the petition reasonable notice of the expunction hearing by certified mail, return receipt requested or by secure electronic mail, electronic transmission, or facsimile transmission. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (West Supp. 2012).

On September 18, 2012, Garcia filed a motion to set the petition for trial on the court's non-jury docket, and estimated the length of trial to be one day. The court administrator signed a notice setting *the motion* for a hearing on October 1, 2012, and stating fifteen minutes would be allowed for the matter. Although Garcia had attached to his motion a proposed order setting the petition for expunction for trial, that order was not signed. The record does not contain any order setting the petition for expunction for a hearing on the merits on October 1, 2012. Moreover, the record does not reflect that the trial court sent notice to the State in accordance with the requirements of article 55.02, section 2(c), that any matter was set for hearing on October 1, 2012.

On October 1, 2012, the trial court signed an order of expunction. The reporter's record of the brief hearing reflects that only counsel for Garcia appeared. No evidence was presented to show that any of the officials or entities who were named in the petition or who answered were given proper notice of a hearing on the petition for expunction.

The record establishes the State did not participate in the expunction hearing and did not file any post-judgment motions or request for findings and conclusions. The absence of notice in accordance with the statute is error apparent on the face of the record. *See Texas Dep't of Public Safety v. Soto*, 285 S.W.3d 542, 544 (Tex. App.—Corpus Christi 2009, no pet.) (holding expunction order must be set aside where record does not show agency was sent notice of expunction hearing in accordance with statute); *Deck*, 954 S.W.2d at 112 (holding that "[i]f the record does not indicate that the agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside").

We therefore reverse the trial court's order and remand the cause to the trial court for a new expunction hearing.

Luz Elena D. Chapa, Justice