

# NUMBER 13-20-00244-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## EX PARTE E.C.

---

**On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant, the Texas Department of Public Safety (DPS), argues on appeal that the trial court erred by entering an expunction order for appellee E.C. We reverse and remand.

### I.    BACKGROUND[1]

E.C. was arrested on October 2, 2018, and later charged for assault causing bodily

---

[1] We note that on June 18, 2021, counsel for appellee filed a letter with the Court indicating appellee "must concede" that the trial court "lacked jurisdiction" to grant the expunction.

injury, family violence, in Cause Number CR-18-16469-G.[2] On October 29, 2019, E.C. pled not guilty, and after a jury trial, E.C. was acquitted of the assault charge.

On November 6, 2019, a proposed order granting expunction of E.C.'s acquitted charge was filed without a petition requesting expunction. The order was granted and signed by the trial court on December 28, 2019. Thereafter, on January 6, 2020, the trial court sent DPS and the other respondents notice of the order. DPS has filed a restricted appeal.

## II. RESTRICTED APPEAL

### A. Standard of Review & Applicable Law

Restricted appeals are governed by Rule 30 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 30. When a party does not participate in person or through counsel in a hearing that results in a judgment, that party may be eligible for a restricted appeal. *See id*. When addressing a restricted appeal, our review is limited to the face of the record. *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). For these purposes, the "face of the record" consists of all papers that were before the trial court at the time it rendered judgment. *Id*.

To sustain a restricted appeal, the filing party must prove: (1) the party filed notice of the restricted appeal within six months after the judgment was signed; (2) the party was a party to the underlying lawsuit; (3) the party did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the

---

[2] E.C. was also charged in Cause Number CR-18-16470-G for another related offense which is not part of the appellate record.

face of the record. TEX. R. APP. P. 26.1(c), 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

## B.  Discussion

DPS filed a notice of restricted appeal within six months of the judgment and it was a party to the underlying lawsuit, meeting the first two prongs required to be entitled to a restricted appeal. *See Pike-Grant*, 447 S.W.3d at 886. The third prong requires DPS to show it did not participate in the hearing, file any post-judgment motions, or request findings from the trial court. *See id*.

We are required to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal. *Id.*; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985). The question is whether DPS participated in the decision-making event that resulted in the judgment or adjudication of the its rights. *Stubbs*, 685 S.W.2d at 644; *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied). A restricted appeal is not an equitable proceeding. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). An appellant [in a restricted appeal] "is not required to show diligence or lack of negligence before its complaints will be heard . . . [because] it is the fact of nonparticipation, not the reason for it, that determines the right to [a restricted appeal]." *Id.*; *see In re Marriage of Butts*, 444 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 291 (Tex. App.—Waco 2014, no pet.); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 40 (Tex. App.—San Antonio 2011, no pet.).

DPS contends that the trial court's expunction order should be set aside because it was not provided notice of the hearing pursuant to article 55.02. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02; *Tex. Dep't of Public Safety v. Deck*, 954 S.W.2d 108, 112–13 (Tex. App.—San Antonio 1997, no pet.). DPS is an agency named in E.C.'s petition; therefore, it was entitled to reasonable notice of a hearing. *See Deck*, 954 S.W.2d at 112–13; *Tex. Dep't of Pub. Safety v. Soto*, 285 S.W.3d 542, 544 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.). This record does not reflect that a hearing was held, and therefore DPS, a party to the litigation, did not participate in the hearing for E.C.'s expunction. *See Soto,* 285 S.W.3d at 544 (concluding that the trial court erred in granting a petition for expunction because the appellant did not receive notice that the expunction hearing was reset). Because there was not a hearing for DPS to participate in the expunction, we find that it meets the third prong for a restricted appeal. *Id*.

Having concluded that DPS meets the first three requirements, we now turn to whether the error is apparent on the face of the record.

### III.    EXPUNCTION REQUIREMENTS

DPS asserts that the trial court erred by granting E.C.'s expunction without following the mandatory statutory procedures. Specifically, DPS claims that because the trial court failed to provide all parties with notice of E.C.'s petition for expunction, E.C.'s expunction must be set aside.

### A.    Standard of Review & Applicable Law

Generally, we review a trial court's expunction ruling for an abuse of discretion. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). However, to

4

the extent an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *Travis Cnty. Dist. Att'y. v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.—Austin 2011, no pet.). Under a de novo standard, we conduct an independent analysis of the record, giving no deference to the trial court's conclusions. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). Statutory construction is also a question of law that requires de novo review. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003).

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have all records and files related to that arrest removed from the government's records. *See Ex parte Vega*, 510 S.W.3d at 548. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Id*. As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id*. And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id*. The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply. *See* TEX. CODE OF CRIM. PROC. ANN. art. 55.02, § 2(c); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 281 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.) (citing *Ex parte Stiles,* 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied)). Section 2(c) of article 55.02 provides that:

the court shall set a hearing on the matter no sooner than *thirty days* from filing of the petition and shall give to each official or agency or government entity named in the petition reasonable notice of the hearing by either certified mail, return receipt requested or secure electronic mail, electronic transmission, or facsimile transmission.

TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (emphasis added).

It is an abuse of discretion for the trial court to order expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute. *Ex parte Vega*, 510 S.W.3d 548.

## B. Analysis

The record is devoid of any prehearing notice, or other documentation, that should have been sent to DPS as a party in the underlying matter. We therefore conclude that it was error for the trial court to order E.C.'s records expunged without providing notice to DPS. *See Deck,* 954 S.W.2d at 112–13. This violation of mandatory procedure requires us to set aside the trial court's order expunging E.C.'s records. *Id*.; *see Rodriguez v. T.M.B.,* 812 S.W.2d 449, 450–51 (Tex. App.—San Antonio 1998, no writ); *see also State v. Echeverry,* 267 S.W.3d 423, 425 (Tex. App.—Corpus Christi–Edinburg 2008, pet. denied) ("The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply.").We sustain DPS's first issue.[3]

## IV. CONCLUSION

We reverse the trial court's order of expunction and remand the case to the trial court for further proceedings consistent with this memorandum opinion.

---

[3] Having sustained DPS's first issue, we need not address its second issue. *See* TEX. R. APP. P. 47.1.

NORA L. LONGORIA
Justice

Delivered and filed on the
24th day of June, 2021.