

# NUMBER 13-22-00243-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE P.A.E., AN ADULT

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña
Memorandum Opinion by Justice Peña**

Appellant University of Texas Rio Grande Valley (UTRGV) appeals the trial court's order granting expunction for appellee P.A.E. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02. UTRGV argues that the trial court (1) abused its discretion when it granted the expunction weeks prior to the hearing date originally set in the case; (2) abused its discretion in granting the expunction when P.A.E. entered the same records he sought to expunge into two sperate pending legal proceedings; and (3) erred by exempting from its order only

certain investigative records created before the arrest rather than all investigative records. We reverse and remand.

## I.  BACKGROUND

On January 14, 2022, P.A.E. filed a verified petition for expunction of records related to his arrest for harassment. On February 14, 2022, the trial court entered an order setting a hearing on the verified petition for March 31, 2022. UTRGV, as a public entity named in the petition, received notice of the March 31, 2022 hearing date. On March 9, 2022, P.A.E. filed an agreed statement of facts between himself and the Hidalgo County District Attorney's Office (DA's office), along with a proposed order for expunction. The trial court granted the expunction on March 9, 2022, weeks before the scheduled hearing.

UTRGV subsequently filed several motions to vacate and motions for new trial. UTRGV was unable to secure a hearing, and its motions were overruled by operation of law. This appealed followed.

## II.  NOTICE & HEARING FOR EXPUNCTION PETITIONS

By its first issue, UTRGV argues that the trial court abused its discretion in granting P.A.E.'s expunction order prior to the scheduled hearing date.

### A  Standard of Review & Applicable Law

An expunction order requires governmental agencies to return, remove, delete, or destroy all records of a person's arrest and generally permits the person to deny the occurrence of the arrest and the existence of the expunction order. *See id.* arts. 55.02–.03. "A trial court's expunction order is reviewed for abuse of discretion, but the meaning of a statute is a question of law reviewed de novo." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021) (citing *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018)). A trial court

2

abuses its discretion if it acts without reference to guiding rules and principles or if its actions were arbitrary and unreasonable. *See Interest of A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Article 55.02 states that the trial court "shall set a hearing on" the petition for expunction "no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing[.]" TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c). However, an evidentiary hearing is not required if the petition seeking expunction can be decided on the paper record alone. *Matter of J.J.R.*, 599 S.W.3d 605, 613 (Tex. App.—El Paso 2020, no pet.); *see also Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (noting that a "hearing" does not necessarily require either a personal appearance before the court or an oral presentation to the court). A trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony if it has at its disposal all the information it needs to resolve the issues raised by the petition. *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ).

The procedures listed in the expunction statute are mandatory and must be complied with in the proceeding. *Bargas v. State*, 164 S.W.3d 763, 771 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.). If the record does not indicate that an agency was notified in accordance with the statute, the proceeding is in violation of the statute, and the expunction order must be set aside. *Tex. Dep't of Pub. Safety v. Soto*, 285 S.W.3d 542, 544 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.) (setting aside expunction

3

order because DPS, although a named agency in the petition, did not receive notice of the expunction hearing).

**B.    Analysis**

UTRGV was notified of the original March 31, 2022 hearing date in accordance with the statute, as it was a governmental entity named in the petition. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c). However, the record is devoid of any subsequent notices to UTRGV that the trial court intended to rule on P.A.E.'s proposed agreed order with the DA's office in lieu of holding the scheduled hearing. Further, UTRGV was not served with a copy of the agreed statement of facts and proposed order prior to the trial court granting the petition.

Article 55.02's notice requirement does not permit the trial court to reset the expunction hearing without notice or to rule on a petition without affording the interested agencies the allotted time to contest the petition.[1] *See id*. Because UTRGV was not notified that the trial court was going to rule prior to the March 31, 2022 hearing date, UTRGV was effectively denied notice of the resetting, and the expunction order must be set aside. *See Soto*, 285 S.W.3d at 544; *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112–13 (Tex. App.—San Antonio 1997, no writ) (setting aside expunction order where DPS received notice of the first expunction hearing date but was not notified of the reset date and DPS had not waived the notice requirement); *see also Tex. Dep't of Pub. Safety v. Lozano*, No. 13-08-00636-CV, 2009 WL 1975392, at *1 (Tex. App.—Corpus Christi–Edinburg July 9, 2009, no pet.) (mem. op.) (setting aside expunction order

---

[1] P.A.E. argues that UTRGV cannot now complain on appeal that it was deprived of proper notice because "UTRGV had 21 days between being provided with notice of the hearing and the signing of the Order of Expunction to file an answer or contest the suit." However, because of the trial court's actions, UTRGV was deprived of over three weeks in which to answer or otherwise contest the suit.

4

because "nothing in the record show[ed]" that DPS received notice of the reset expunction hearing). We further note that the DA's office purported agreement with P.A.E. is not binding on UTRGV because each law enforcement agency is entitled to represent itself at an expunction hearing. *Deck*, 954 S.W.2d at 111–13.

For all the above reasons, we sustain UTRGV's first issue. As this issue is dispositive, we need not address UTRGV's remaining issues. *See* TEX. R. APP. P. 47.1.

### III.    CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
29th day of February, 2024.