# IN THE SUPREME COURT OF TEXAS

════════════

No. 13-0277

════════════

DAKOTA PIKE-GRANT, PETITIONER,

v.

JEFFREY ALAN GRANT, RESPONDENT

═══════════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

═══════════════════════════════════════════════════════════

**PER CURIAM**

This is a restricted appeal from a trial court's divorce decree that contains two conflicting recitals. The Texas Rules of Appellate Procedure allow a party who did not participate in the hearing that resulted in the judgment to file a restricted appeal, which has a more lenient filing deadline than a traditional appeal. TEX. R. APP. P. 30. Here, the first recital in the divorce decree indicates the hearing occurred in November 2011 and that the petitioner attended the hearing, which—if correct—would foreclose her restricted appeal. But another recital indicates the hearing occurred in September 2011, which would not foreclose her restricted appeal. Importantly, nothing in the record indicates the hearing took place in November 2011. And at least eight references in the record, including portions of the trial court's docket sheet and the reporter's record, conclusively confirm the hearing occurred in September 2011 and the petitioner did not participate. Accordingly,

we reverse the court of appeals' judgment dismissing the restricted appeal for want of jurisdiction and remand the case to that court for further proceedings consistent with this opinion.

This case arises out of divorce proceedings between Dakota Snow Pike-Grant and Jeffrey Alan Grant. The couple had one child, born in December 2008. Grant filed for divorce in 2009, and the trial court issued temporary orders at a hearing in June of that year naming Pike-Grant and Grant temporary joint managing conservators. The matter lay dormant until February 2011, when Grant successfully moved to modify the June 2009 temporary orders to appoint him sole conservator of the child. Pike-Grant did not attend the hearing.

On August 29, 2011, the court coordinator mailed letters to the attorneys of record to notify the parties of a September 27 trial date. That same day, Pike-Grant's attorney moved to withdraw from the case, indicating he was no longer able to effectively communicate with Pike-Grant. The attorney informed the court coordinator that he had not had contact with Pike-Grant in over a year, but would forward a copy of the September 27 trial setting to her by regular and certified mail. Pike-Grant's attorney also indicated he would not be able to attend the trial due to another court setting. Thereafter, Grant filed a motion to participate in the September 27 hearing by telephone, which the trial court granted.

The reporter's record indicates that only Grant's attorney attended the September 27 trial in person. Grant appeared telephonically, but neither Pike-Grant nor her attorney appeared in any form. The court called Pike-Grant's attorney during the proceeding to ascertain whether Pike-Grant had notice of the hearing, but the attorney did not answer. Grant requested appointment as sole managing conservator of the child. After he proved up his request, the court advised: "I'm going to wait to hear from her lawyer's office to see if they can get in touch with her and determine if she's

2

just not going to show up here. We don't have anything in the Court's file. . . . I need something official in my file before I can sign the divorce decree. It may happen today. It may take a couple of weeks to do." The court's docket sheet indicates the telephonic conference occurred on September 27, 2011 and that "Respondent's lawyer filed motion to w/draw—she is not present, but in NY. Her lawyer . . . contacted & will attempt to reach & notify her re hearing & w/drawl 'Prove Up' done w/ husband."

The court's docket sheet recorded no further activity until November 29, 2011, when the trial court signed a final divorce decree dated November 29, 2011. The first page of the divorce decree includes a handwritten notation that the court heard the case on November 29, the day it signed the decree. The typewritten text that follows indicates "Petitioner, Jeffrey Alan Grant, appeared in person and through attorney of record . . . and announced ready for trial. Respondent, Dakota Snow Pike Grant, appeared in person and through attorney of record . . . and announced ready for trial." The decree further recites that the court reporter recorded the testimony. However, the decree also recites that "the Final Hearing for Divorce" in the matter occurred on September 27, 2011. There was no reporter's record for any matter on November 29 and the docket sheet confirms that the only activity in the case that day was the trial court's signing of the divorce decree.

Pike-Grant filed for a restricted appeal, claiming she did not appear at the hearing that resulted in the divorce decree, and obtained temporary orders from the trial court pending the appeal. Those temporary orders confirmed that the hearing occurred "on September 27, 2011." The court of appeals dismissed the restricted appeal, relying on the first page of the decree to establish that Pike-Grant and her attorney appeared at a hearing on November 29, 2011. __ S.W.3d __, __.

3

When a party does not participate in person or through counsel in a hearing that results in a judgment, she may be eligible for a restricted appeal. TEX. R. APP. P. 30. To sustain a proper restricted appeal, the filing party must prove: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). For over half a century, we have required courts to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985) (citing *Lawyers Lloyds of Tex. v. Webb*, 152 S.W.2d 1096, 1098 (Tex. 1941) (interpreting statutory predecessor to Texas Rule of Appellate Procedure 30)). Moreover, we have jurisdiction to assess whether the court of appeals correctly exercised or refused to exercise its jurisdiction. *McAllen Med. Ctr. v. Cortez*, 66 S.W.3d 227, 237 (Tex. 2001). And when a party attacks the legal sufficiency of an adverse finding (commonly referred to as a "matter of law" point), we will rule in her favor if her position is conclusively established and reasonable minds cannot differ. *City of Keller v. Wilson*, 168 S.W.3d 802, 814–17 (Tex. 2005); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

Here, the issue is whether Pike-Grant appeared at the hearing that resulted in the divorce decree. Pike-Grant contends the recitals themselves conflict as to when the final hearing occurred, and the record demonstrates the final hearing was on September 27, at which she did not appear. Grant counters that the divorce decree establishes that the hearing occurred on November 29 and that Pike-Grant appeared at the hearing. We find Pike-Grant's position convincing.

4

The divorce decree contains two conflicting recitals. One recital indicates the hearing occurred on November 29—the day the trial court signed the decree. But another recital indicates "the Final Hearing for Divorce" in the matter occurred on September 27, 2011. We must look to the record to determine which statement is true, mindful of our admonition to liberally construe the non-participation requirement to favor the right to file a restricted appeal. *Stubbs*, 685 S.W.2d at 645.

Nothing in the record beyond the first recital in the divorce decree indicates a hearing occurred on November 29. The court's docket sheet included a notation for that date that the court issued a divorce decree—not that it held a hearing. The Texas Rules of Civil Procedure require notice of trial for contested cases, but the record contains no indication of such notice. TEX. R. CIV. P. 245. Further, had there been a hearing on November 29, it would have been recorded by a reporter unless that recording was waived by the attending parties. TEX. FAM. CODE § 105.003(c). There is no indication in the record that such a hearing occurred or that the parties waived the recording.

By contrast, documents in the record from the trial court, the court reporter, and the parties conclusively indicate the final hearing occurred on September 27 and Pike-Grant did not participate. First, the trial court's orders, letters, and docket sheet all confirm that the final hearing occurred September 27 and Pike-Grant did not participate. The court issued an order setting the cause on the non-jury docket for September 27, 2011. The court coordinator then notified the parties the cause was set for trial on September 27. Prior to the hearing, the trial court also granted a motion for Grant to participate by telephone in the September 27 hearing. On the date of the September 27 hearing, the trial court submitted an entry in its docket sheet that the hearing occurred and that "Respondent's lawyer filed motion to w/draw—she is not present, but in NY." Months after signing the divorce

5

decree, the trial court issued temporary orders pending appeal indicating the decree was "entered on November 29, 2011" but that "the previous orders rendered by the Court [occurred] on September 27, 2011."

Additionally, documents from the court reporter and the parties further confirm that the hearing occurred on September 27 and that Pike-Grant did not participate. The reporter's record for the September 27 hearing indicates it was the "final hearing" and neither Pike-Grant nor her lawyer were present. Prior to the hearing, Grant moved to participate in the September 27 hearing by telephone. And Pike-Grant's attorney notified the court coordinator of his inability to attend the September 27 hearing due to other court settings and that he had not heard back from Pike-Grant. Taken together, we believe this record conclusively supports the recital that the final hearing resulting in the divorce decree occurred on September 27, and neither Pike-Grant nor her attorney participated in the hearing.

Accordingly, the court of appeals erred in concluding it had no jurisdiction over Pike-Grant's restricted appeal because she was present at a final hearing on November 29. Pike-Grant raises other issues here the court of appeals failed to reach. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment, and remand for it to consider Pike-Grant's remaining issues.

**OPINION DELIVERED:** October 3, 2014

6