# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00729-CV

---

**Douglas Miles Macut, Appellant**

**v.**

**Cool Insulation Company, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-18-001498, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Douglas Miles Macut filed this restricted appeal from the trial court's judgment in favor of Cool Insulation Company. Because Macut has failed to demonstrate error on the face of the record, we affirm the trial court's judgment.

In 2017, Macut hired Cool Insulation to insulate a house that was under construction in Jonestown (the Jonestown property). The parties did not execute a written contract. Cool Insulation installed the insulation and sent Macut an invoice for $16,045 for the work performed, but Macut did not pay. Cool Insulation then executed an affidavit to claim a materialmen's lien, which was filed with the Travis County Clerk. *See* Tex. Const. art. XVI, § 37 (providing for materialmen's liens); Tex. Prop. Code §§ 53.021-.026 ("Persons Entitled to Lien"). In February 2018, Cool Insulation sued Macut for breach of contract, unjust enrichment, suit on sworn account, and foreclosure of the materialmen's lien, seeking $16,045, allowable

interest and costs, and attorney's fees. Although Macut was served with process, Macut did not file an answer, and Cool Insulation moved for entry of default judgment. The trial court entered a judgment awarding Cool Insulation $16,045 for its work, $3,500 in attorney's fees, and post-judgment interest. Macut does not dispute these facts, but argues on appeal that the property was his homestead, which was entitled to constitutional and statutory protections that Cool Insulation failed to comply with. He therefore contends that error is apparent on the face of the record, warranting reversal of the trial court's judgment.

When a party does not participate in person or through counsel in a hearing that results in a judgment, he may be eligible for a restricted appeal. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam) (citing Tex. R. App. P. 30). To sustain a proper restricted appeal, the filing party must prove: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Id.* (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)). The parties do not dispute the first three elements, but they disagree as to whether error is apparent on the face of the record. The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment. *See Alexander*, 134 S.W.3d at 848-49; *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991) ("The rule has long been that evidence not before the trial court prior to final judgment may not be considered in a writ of error proceeding."). These requirements are jurisdictional and cut off a party's right to seek relief by way of a restricted appeal if they are not met. *Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—

Austin 2009, no pet.) (citing *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied)).

Macut asserts, without any citation to the record, that the record shows the property was his homestead. If the property were a homestead, then the homestead protections of Article XVI, section 50, of the Texas Constitution and section 53.254 of the Property Code would apply, and Cool Insulation would not have been entitled to a lien on the homestead in the absence of a written contract. *See* Tex. Const. art. XVI, § 50(a)(5) (allowing materialmen's liens on a homestead "if contracted for in writing"); Tex. Prop. Code § 53.254 (requiring a written contract to "fix a lien on a homestead"). Although Macut states in his brief on appeal that he and some of his family members moved into the home in June of 2018 (five months after Cool Insulation filed its affidavit for a materialmen's lien), there is no evidence of this in the record. Instead, in addition to the Jonestown property, the record shows two other addresses for Macut, one in Cedar Park and one in Lago Vista. It is not clear from the record which, if any, of these addresses is or was Macut's homestead. Macut also asserts that by "constructing the home, securing services for insulation in the home, and further developing the Property," Macut outwardly attempted to prove his intention to use the Jonestown property as his homestead and that his actions "should have put an experienced contracting company, such as Cool, on notice that he intended to use the property as his homestead." However, the record shows only that Macut secured insulation for the house but did not pay for it. The record contains no evidence showing that the Jonestown property was Macut's homestead. Because the error alleged by Macut is not reflected on the face of the record, we overrule Macut's issues on appeal and affirm the trial court's judgment.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 22, 2019