**Reversed and Remanded and Opinion Filed October 7, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00515-CV**
_____

**IN THE INTEREST OF J.R.B., A CHILD**

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-20-00538-W**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Molberg

In this accelerated, restricted appeal, H.B. (Mother), who was found to be indigent, appeals the trial court's March 23, 2021 order terminating her parental rights to her son, J.R.B. In three issues, Mother argues we have jurisdiction in this restricted appeal and that error exists on the face of the record because she was denied her right to court-appointed counsel and due process notice of a new trial setting. The Texas Department of Family and Protective Services (Department) agrees. Without addressing Mother's second issue regarding counsel, we sustain Mother's restricted appeal, reverse the trial court's order of termination as to Mother, and remand the case for further proceedings consistent with this opinion.

BACKGROUND

The Department took possession of J.R.B. on July 8, 2020. *See* TEX. FAM. CODE § 262.104. The next day, the Department filed an original petition and supporting affidavit seeking, among other things, termination of Mother's parental rights under family code sections 161.001(b)(1)(D), (E), (N), and (O). *Id.* § 161.001(b)(1)(D), (E), (N), (O); *see id.* § 262.105.

On the same day as the Department's filing, the trial court held an initial hearing and signed an ex parte order appointing the Department as J.R.B.'s temporary managing conservator. *See id.* § 262.106. The ex parte order set a fourteen-day adversary hearing for July 22, 2020. *See id.* § 262.201.

Before the fourteen-day adversary hearing occurred, the trial court entered an order finding Mother indigent and appointing her counsel. *See id.* § 107.013(a). For purposes of this appeal, we presume Mother is indigent,[1] but our presumption does not affect our analysis on the two issues we decide below.

The trial court held the fourteen-day adversary hearing on July 22, 2020. *See id.* § 262.201. Mother appeared with and through her appointed counsel. On the day after the hearing, the court entered an "agreed temporary order following

---

[1] Under family code section 107.013(e), Mother "is presumed to remain indigent for the duration of the suit and any subsequent appeal unless the court, after reconsideration on the motion of the parent [or certain others] determines [she] is no longer indigent due to a material and substantial change in [her] financial circumstances." TEX. FAM. CODE § 107.013(e). The supreme court has stated, "Filing an affidavit of indigence is a necessary prerequisite to a determination that the parent is indigent." *In re B.C.*, 592 S.W.3d 133, 136 (Tex. 2019) (per curiam) (citations omitted); *see* TEX. FAM. CODE § 107.013(d). While the record contains no such affidavit, no issue under section 107.013(d) has been presented for our review.

–2–

adversary hearing." The temporary order was signed by the court, Department's counsel, J.R.B.'s guardian ad litem, a Dallas County CASA representative, Mother's counsel, and Mother. The court also entered a scheduling order that identified July 12, 2021, as the dismissal date[2] and set the trial date for May 17, 2021.

Less than two weeks after the adversary hearing, Mother's counsel filed a motion seeking leave to withdraw. The trial court granted the motion on August 20, 2020. The court did not appoint Mother new counsel before trial. The motion for leave to withdraw and the order granting it indicated Mother was provided a copy, and both repeated the May 17, 2021 trial setting.

A few months later, the trial court signed an initial permanency hearing order. *See id*. § 262.304. Mother did not appear. The order repeated the May 17, 2021 trial setting.

Inexplicably—according to the record before us, at least—the trial court held the final hearing on March 17, 2021, two months earlier than the original trial setting included in the scheduling order and the initial permanency hearing order. Mother did not appear, and in the transcript of the hearing, no reference was made to Mother's absence or to any notice to her of the hearing.

Six days after the final hearing, the trial court signed the order terminating Mother's parental rights. Without any other information in the record to support

---

[2] *See* TEX. FAM. CODE § 263.401.

this, the order stated, "Mother . . . although duly and properly notified, did not appear and wholly made default." The order stated that the court found by clear and convincing evidence that Mother committed the acts proscribed by family code sections 161.001(b)(1)(D), (E), (N), and (O) and that termination of the parent-child relationship between Mother and J.R.B. was in the child's best interest.

More than thirty days after the signing of that order, the district clerk's office received and filed a May 9, 2021 letter from Mother inquiring as to the case status. After learning of Mother's letter, the Department filed a motion asking the trial court to appoint Mother appellate counsel to discuss her legal remedies. The court granted that motion and appointed Mother's new counsel on June 24, 2021.

Four days later, Mother's new counsel filed Mother's notice of appeal, which states this is an accelerated, restricted appeal from the March 23, 2021 order of termination. The notice was filed within six months of the termination order and stated, "Appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of [and] did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal."[3]

Mother and the Department agree we have jurisdiction and that we should sustain Mother's restricted appeal. We agree as well.

---

[3] *See* TEX. R. APP. P. 30.

In her first issue, Mother argues that we have jurisdiction over this restricted appeal, and the Department agrees. Generally, a party wishing to appeal a trial court judgment must file a notice of appeal within thirty days after the judgment is signed, but a timely filed motion for new trial, motion to modify the judgment, motion to reinstate, or a proper request for findings of fact and conclusions of law extends that deadline to ninety days after the judgment is signed. *See Ex Parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing TEX. R. APP. P. 26.1).

Additionally, "if the party 'did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of' and did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or file a notice of appeal within ninety days, the party may pursue a restricted appeal by filing a notice of appeal within six months after the judgment or order is signed." *Id.* (quoting TEX. R. APP. P. 30). A notice of restricted appeal must state these requirements are met. *Id.* (citing TEX. R. APP. P. 25.1(d)(7)).

A restricted appeal gives an appellant the same scope of review as an ordinary appeal. *Id.* (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)).[4] To "sustain" Mother's restricted appeal, she must show (1) she filed notice of the restricted appeal within six months after the judgment was

---

[4] *Norman* discussed writ-of-error review, which was replaced by restricted appeals under rule 30. *See Ex Parte E.H.*, 602 S.W.3d at 495.

signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See id*. (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)).

The first three of these requirements are jurisdictional. *Id*. The fourth requirement—which is derived from case law and is not included in rule 30—goes to the merits of the appeal and is not jurisdictional. *Id*. at 495–97.

Both parties agree, and the record reflects, that Mother has met the first three requirements. Thus, we sustain Mother's first issue and conclude we have jurisdiction to consider her restricted appeal.

ERROR ON THE FACE OF THE RECORD

Next, we consider the fourth requirement—whether error is apparent on the face of the record. *See id*. at 495. This ultimately requires us to analyze the merits of an appellant's grounds for appeal. *See id*. at 497. Mother argues that error is apparent on the face of the record in two ways, arguing in her second issue that she was denied her right to court-appointed counsel and arguing in her third issue that she was denied due process notice of the new trial setting. The Department agrees with Mother on both issues. We begin with Mother's third issue regarding notice.

As a matter of due process under the Fourteenth Amendment to the U.S. Constitution, a party who has made an appearance in a contested case is entitled to

–6–

notice of the trial setting. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam); *see In re C.P.*, No. 05-19-00044-CV, 2019 WL 2723803, at *10 (Tex. App.—Dallas July 1, 2019, no pet.) (mem. op.) (citing same).

In a contested case, if a party timely files an answer "or the defendant has otherwise made an appearance, due process rights are violated when a judgment is subsequently entered without the party having received notice of the setting of the case." *In re K.M.L.*, 443 S.W.3d 101, 118–19 (Tex. 2014) (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87 (1988)).

Termination of parental rights proceedings follow the same procedures for contested hearings "as . . . civil cases generally." TEX. FAM. CODE §§ 101.032, 105.003; *In re L.G.T.*, No. 05-17-00140-CV, 2017 WL 2729958, at *4 (Tex. App.—Dallas June 26, 2017, no pet.) (mem. op.). Civil procedure rule 245 states, in part:

> The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a *later* date on any reasonable notice to the parties or by agreement of the parties.

TEX. R. CIV. P. 245 (emphasis added). Additionally, under rule 247, "No cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party."

Notice may be either actual or constructive, as long as it is reasonably calculated under the circumstances to apprise the party of the pendency of the action

and to provide an opportunity to present objections. *Peralta*, 485 U.S. at 84; *see also Delgado v. Tex. Workers' Comp. Ins. Fund*, No. 03-03-00621-CV, 2006 WL 663903, at * 7 (Tex. App.—Austin Mar. 17, 2006, no pet.) (mem. op.). Among other methods, notice may be served by delivering a copy to the party in person, by mail, and by email. TEX. R. CIV. P. 21a; *In re L.G.T.*, 2017 WL 2729958, at *4.

While the issue can be waived, in the absence of waiver, failure to give proper notice "constitutes lack of due process and is grounds for reversal for new trial." *Id.* (citing *Custom-Crete, Inc. v. K-Bar Servs. Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.)). In recent years, we affirmed an order terminating parental rights when the parent waived error, *see In re M.M.M.*, No. 05-19-00392-CV, 2019 WL 4744694, at *3–5 (Tex. App.—Dallas Sept. 30, 2019, pet. denied) (mem. op.), but did so in the context of an ordinary, not restricted, appeal. *Id.*, at *2 n.5.

In this restricted appeal, we find *In re M.M.M.* distinguishable and decline to apply its waiver analysis in this case.[5] As discussed above, under rule 30, a restricted appeal is available only to "[a] party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and

---

[5] Other distinctions exist between this case and *In re M.M.M.* as well. Here, not only do Mother and the Department not present an issue regarding waiver, both agree the error regarding the lack of notice to Mother warrants reversal. Additionally, unlike this case, *In re M.M.M.* involved a record reflecting that notice of the trial setting and the re-setting was provided to the parent in compliance with the rules. *See In re M.M.M.*, 2019 WL 47446694, at *5 (stating the notice provided to father was in compliance with civil procedure rules 21a and 245 and created a presumption that he received notice of the trial setting at issue, which he failed to overcome).

who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a)." TEX. R. APP. P. 30. As our sister court noted in *Boyo v. Boyo*, 196 S.W.3d 409, 415 (Tex. App.—Beaumont 2006, no pet.), "[t]he procedure for a restricted appeal would serve little purpose if we require a party to show preservation of the challenge in the trial court before filing a restricted appeal." We agree.

Here, Mother and the Department both agree that Mother had previously appeared in this contested case, was not provided proper notice of the trial setting, and that this error is apparent on the face of the record. After reviewing the record ourselves, we agree. We sustain Mother's third issue and need not reach her second issue. *See* TEX. R. APP. P. 47.1 (our written opinion must be as brief as practicable but address every issue raised and necessary to final disposition of the appeal).

## CONCLUSION

For the foregoing reasons, we sustain this restricted appeal. Accordingly, we reverse the trial court's order of termination as to Mother and remand the case for further proceedings consistent with this opinion.

/Ken Molberg/

KEN MOLBERG
210515f.p05                                         JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.R.B.,
A CHILD

No. 05-21-00515-CV

On Appeal from the 304th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JC-20-00538-W
Opinion delivered by Justice Molberg.
Justices Goldstein and Smith
participating.

In accordance with this Court's opinion of this date, the trial court's order of termination is **REVERSED** as to H.B. (Mother) and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

Judgment entered this 7th day of October, 2021.