**Appeal Dismissed, and Memorandum Opinion filed January 10, 2023.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-21-00725-CV

---

### REGINALD DAWAYNE BOOKMAN, Appellant

### V.

### JULIA JURICE BOOKMAN, Appellee

---

**On Appeal from the County Court at Law
Grimes County, Texas
Trial Court Cause No. 35385-CCL**

---

### MEMORANDUM OPINION

This is an appeal from a protective order signed May 19, 2021. Appellant did not file any motions in the trial court after the protective order was signed, and thus under normal circumstances, he would be required to file a notice of appeal by June 20, 2021. Tex. R. App. P. 4.1(a), 26.1(a). Instead, on November 15, 2021, appellant filed a notice of restricted appeal pursuant to Texas Rule of Appellate Procedure 30. Restricted appeals may be timely noticed within six months after the underlying order or judgment is signed. Tex. R. App. P. 26.1(c).

But although the notice was filed in time to perfect a restricted appeal, the appellate record refutes appellant's contention a restricted appeal is available to him. For appellant to proceed with a restricted appeal, he must show, among other things, that he "did not participate—either in person or through counsel—in the hearing that resulted in the [order] complained of." Tex. R. App. P. 30; *see also Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). If appellant does not satisfy this requirement, the court of appeals lacks jurisdiction to decide the appeal. *See Ex parte E.H.*, 602 S.W.3d at 496.

The reporter's record for this case comprises a transcript of a May 18, 2021 hearing before the trial court, conducted remotely by Zoom. Appellant personally appeared at that hearing with the use of that software, and at the conclusion of the hearing, the trial court announced it would grant the underlying application for a protective order and would "submit the signed orders in just a minute." Ultimately, the trial court signed the protective order the following day, May 19, 2021. It is beyond dispute that the May 18, 2021 hearing resulted in the protective order appellant is seeking to appeal from, and moreover, appellant participated in person at that hearing.[1]

On November 16, 2022, this court informed appellant by letter about the untimely notice of appeal and the apparent unavailability of a restricted appeal, and warned him his appeal was subject to dismissal if he failed to show this court had jurisdiction over the appeal. Appellant's response relies on the Texas Supreme

---

[1] Appellant has implied that, because the hearing was conducted through Zoom rather than in person in a courtroom, he might not have participated in the hearing for purposes of Rule 30. However, the participation implicating Rule 30 does not have to occur in the courtroom itself. *See Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc.*, 784 S.W.2d 122, 125 (Tex. App.—Austin 1990, writ denied) (holding a party could not appeal by writ of error, the predecessor to a restricted appeal, because it had participated in a telephone hearing preceding the underlying judgment).

2

Court's decision in *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). Quoting the Court's observation that "courts [must] liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal," see *id.* at 886, appellant contends that the facts require this court to view him as not having participated in the requisite hearing, and thus view him as properly bringing a restricted appeal. But there is no way to construe the non-participation requirement here to properly permit appellant to use a restricted appeal. The record conclusively establishes that the trial court held a hearing on May 18, 2021, appellant appeared at the hearing by Zoom, and that hearing resulted in the complained-of protective order. By any measure, appellant's participation in the underlying hearing prevents him from maintaining a restricted appeal here. *Compare Pike-Grant*, 447 S.W.3d at 886 (holding an appellant was not present at a final trial court hearing, and thus appellant could maintain a restricted appeal, even though the record contained some indication that she had been present at a final hearing), *with Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ) (holding an appellant participated in a hearing resulting in a judgment when he signed the judgment prior to the trial court entering the judgment). Accordingly, due to the lack of any basis for proceeding with a restricted appeal or otherwise exercising jurisdiction over this appeal, we dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

3