Opinion issued May 4, 2023



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00894-CV

_____

**ENRIQUE TORRIJOS, Appellant**

**V.**

**KNIGHTSBRIDGE FUNDING LLC, Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-37696**

---

## MEMORANDUM OPINION

This is a restricted appeal in a suit on a guaranty agreement. Appellee

Knightsbridge Funding LLC sued Performance Jet Skis LLC ("Performance")[1] for

---

[1] Performance is not a party to this appeal.

breach of contract and conversion, and sued appellant Enrique Torrijos for breach of a guaranty. The trial court rendered judgment against Performance and Torrijos.

Torrijos now appeals pro se. In his sole issue, Torrijos asserts that the trial court erred in rendering judgment against him because he is a California resident and Knightsbridge did not serve him with its lawsuit.

Knightsbridge has filed a letter in this Court stating that it "agrees to stipulate to a vacatur of the judgment in the . . . case."

We vacate the trial court's judgment and dismiss the case.

## Background

In its petition, Knightsbridge asserted that it executed a Payment Rights Purchase and Sale Agreement ("Agreement") with Performance that entitled Knightsbridge to receive a percentage of Performance's "future sales or receipts." According to Knightsbridge, the Agreement authorized it to "debit from [Performance's] bank account a percentage of the daily estimated receipts." And Performance was liable to Knightsbridge for "any rejected electronic check or debit attempt."

Knightsbridge asserted that Performance breached the Agreement because "daily debits from [Performance's] bank account ha[d] failed or been rejected." Knightsbridge alleged that such breach caused it to incur damages in the amount of $37,475.00.

2

Knightsbridge also alleged that, by the terms of the Agreement, it "took an ownership interest in [Performance's] future sales and receipts." And, by denying Knightsbridge "access to its property," Performance had "wrongfully converted [Knightsbridge's] property."

Knightsbridge further alleged that Torrijos had personally guaranteed Performance's obligations under the Agreement and that he was "liable for any and all breaches arising under the Agreement, as well as damages resulting therefrom."

Neither Performance nor Torrijos filed an answer.

On July 11, 2022, the trial court signed an "Agreed Judgment," stating:

> On this day came to be heard the above styled and numbered case. The Court having been informed that Plaintiff and Defendants have agreed that judgment should be rendered for Plaintiff as prayed for in its petition, and the Court having considered the pleadings and the official records on file in this case is of the opinion that judgment should be rendered for Plaintiff.

The trial court awarded Knightsbridge $37,475.00 in damages and $6,000.00 in attorney's fee against Performance and Torrijos. The Agreed Judgment contains a handwritten signature by counsel for Knightsbridge and, what appears to be, an electronic signature by Torrijos.

On December 1, 2022, Torrijos, from an address in California, filed a notice of appeal stating that he was "never aware of this case nor was [he] ever served" and that the judgment is "void." He was made aware of this lawsuit when his bank account was "drained." He noted that he has never resided in Texas.

3

In his brief on appeal, Torrijos asserts that his bank notified him that "there was a levy for $86,950.00" against his account by Knightsbridge. Torrijos obtained information about the Agreed Judgment from his bank and contacted the trial court. He states: "After reviewing the documents online I never signed nor did I ever see this Agreed Judgment." He asserts that he resides in California and was "never made aware of any legal matters concerning" the judgment.

## Restricted Appeal[2]

Texas Rule of Appellate Procedure 30 states in pertinent part:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. Rule 26.1(c) then provides that "in a restricted appeal, the notice of appeal must be filed within six months after the order or judgment is signed." TEX. R. APP. P. 26.1(c).

---

[2] Although Torrijos does not specifically identify his notice of appeal as a notice of restricted appeal, his notice contains language indicating that he attempted to pursue a restricted appeal. *See Sweed v. Nye*, 323 S.W.3d 873, 873–74 (Tex. 2010) (holding that incomplete notice of restricted appeal was sufficient to invoke appellate court's jurisdiction); *Starks v. Tex. Dep't of Crim. Just.*, 153 S.W.3d 621, 624 (Tex. App.—Amarillo 2004, no pet.) ("Although Starks does not specifically identify his notice of appeal as a notice of restricted appeal, the notice contains language that indicates he is attempting to pursue a restricted appeal.").

Accordingly, to prevail in this restricted appeal, Torrijos must show that: (1) he filed a notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014).

The first three requirements "are jurisdictional." *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020); *see, e.g.*, *In re S.W.*, 614 S.W.3d 311, 315–16 (Tex. App.—Fort Worth 2020, no pet.) (dismissing Father's restricted appeal based on failure to establish second requirement). The fourth requirement, which is derived from case law, goes to the merits of the appeal and is not jurisdictional. *Ex parte E.H.*, 602 S.W.3d at 495, 497; *see, e.g.*, *In re S.W.*, 614 S.W.3d at 315–16 (affirming trial court's judgment in Mother's restricted appeal based on fourth requirement).

In our review, we "liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal." *Grant*, 447 S.W.3d at 886. And in determining whether error is apparent on the face of the record, we must consider the evidence that was before the trial court at the time that it rendered its final judgment. *See In re S.W.*, 614 S.W.3d at 315.

*Discussion*

Here, the record shows that Torrijos was a party to Knightsbridge's lawsuit. *See Grant*, 447 S.W.3d at 886. In addition, the record shows that the trial court signed its judgment on July 11, 2022 and that Torrijos filed his notice of appeal on December 1, 2022. Thus, Torrijos filed his notice of appeal within six months after the date the judgment was signed. *See id.*; *see also* TEX. R. APP. P. 26.1(c), 30.

The record further shows that Torrijos did not participate "in the hearing that resulted in the judgment complained of," as the record does not reflect that a hearing took place. *See* TEX. R. APP. P. 30 (authorizing restricted appeal when party "did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of"); *Schamp v. Mitchell*, No. 04-14-00741-CV, 2015 WL 4478150, at *2 (Tex. App.—San Antonio July 22, 2015, no pet.) (mem. op.).

The Agreed Judgment recites: "On this day came to be heard . . . ." But nothing in the record shows that an evidentiary hearing took place or that any evidence was presented to the trial court. There are no notices of submission or setting and no settings listed on the trial court's docket sheet. *See Schamp*, 2015 WL 4478150, at *2. Rather, the record shows only a petition filed and then a judgment issued 18 days later.

The record additionally reflects that Torrijos did not timely file any post-judgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 30; *Grant*, 447 S.W.3d at 886; *Schamp*, 2015 WL 4478150, at *2.

Accordingly, we conclude that we have jurisdiction to hear Torrijos's restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 497 (holding first three requirements are jurisdictional); *see, e.g.*, *Maan v. First ATM, Inc.*, No. 03-06-00698-CV, 2008 WL 5210923, at *4 (Tex. App.—Austin Dec. 12, 2008, no pet.) (mem. op.) (concluding that jurisdiction to consider restricted appeal was established and turning to merits).

Next, we consider the fourth requirement—whether error is apparent on the face of the record. *See Grant*, 447 S.W.3d at 886. This ultimately requires us to analyze the merits of Torrijos's grounds for appeal. *See Ex parte E.H.*, 602 S.W.3d at 497.

In that regard, Torrijos asserts that the trial court erred in rendering judgment against him because Knightsbridge failed to serve him with its lawsuit. A judgment is void when a court has no power or jurisdiction to enter it. *Tomlinson v. Khoury*, 624 S.W.3d 601, 605–06 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). "It is axiomatic that a judgment must be supported by a proper showing of jurisdiction over the subject matter and over the relevant parties." *Velasco v. Ayala*, 312 S.W.3d 783, 797 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citations omitted).

7

A court obtains jurisdiction over a defendant through valid service of process or through the defendant's appearance. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (citing TEX. R. CIV. P. 124) ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance."); *Velasco*, 312 S.W.3d at 797 ("Personal jurisdiction is comprised of two elements: (1) the defendant must be amenable to the jurisdiction of the court and (2) the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant."). And where a court rendering judgment has no jurisdiction over the parties, that judgment is void. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020); *Tomlinson*, 624 S.W.3d at 606.

In a restricted appeal, a record that fails to affirmatively show service of process constitutes error apparent on the face of the record. *See GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 60 (Tex. App.—Fort Worth 2003, pet. denied) (holding that, because record failed to affirmatively show that plaintiff served out-of-state defendant with process, defendant raised error apparent on face of record).

Here, there is no affirmative showing in the record that Knightsbridge ever served Torrijos with process. The record does not contain any evidence of service or return of citation and does not show that Torrijos waived service, answered, or made any appearance in the case before the trial court rendered judgment. *See*

8

*Schamp*, 2015 WL 4478150, at \*3; *see also Grant*, 447 S.W.3d at 886; *In re S.W.*, 614 S.W.3d at 315 (considering evidence before trial court at time of rendering final judgment). As a result, we conclude that there is error on the face of the record.

We further note that, on February 14, 2023, Knightsbridge filed a letter with this Court stating that it "agrees to stipulate to a vacatur of the judgment in the . . . case"—which is the essence of the relief sought by Torrijos in this appeal. Our subsequent order to the parties, on Knightsbridge's failure to file an appellee's brief, recited the agreement to vacate the judgment. Neither party responded or objected. Thus, it is uncontroverted that there is an agreement to vacate the trial court's judgment in this case.

Accordingly, because all four elements for a restricted appeal are met here, we vacate the trial court's judgment and dismiss this case in all things. *See* TEX. R. APP. P. 43.2(e); *Jester Venture, Ltd. v. Nash*, No. 01-06-00512-CV, 2006 WL 2042358, \*1 (Tex. App.—Houston [1st Dist.] July 17, 2006, no pet.) (mem. op.).

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

9