**Opinion issued August 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00485-CV

———————————

**ANGELIA DUNBAR, Appellant**

**V.**

**DENNIS R. BOLDING AND CHARLES E. WILLIAMS, JR. D/B/A MEZZ FUND 1, LLC, Appellees**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. CV22-06-0494**

---

## MEMORANDUM OPINION

Angelia Dunbar attempts to appeal from the trial court's order confirming an arbitration award signed on April 9, 2024. Dennis R. Bolding and Charles E. Williams, Jr., doing business as Mezz Fund 1, LLC, move to dismiss the appeal. Bolding and Williams argue that this Court lacks jurisdiction over Dunbar's appeal

because she failed to timely file her notice of appeal. Williams also moves for sanctions against Dunbar for filing a frivolous appeal.[1]

We dismiss the appeal for lack of jurisdiction and deny the motion for sanctions.

Generally, a notice of appeal must be filed within 30 days after the date a trial court signs a final judgment. TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. TEX. R. APP. P. 26.1(a). Further, a court of appeals may extend the time to file an appeal if, within 15 days after the original deadline, the party files a notice of appeal in the trial court and a motion to extend the deadline in the appellate court. TEX. R. APP. P. 26.3.

Here, the trial court signed a final judgment on April 9, 2024. No party filed a motion for new trial, motion to modify, motion to reinstate, or request for findings. *See* TEX. R. APP. P. 26.1(a). Dunbar did not timely file a motion to extend the deadline to file her notice of appeal. *See* TEX. R. APP. P. 26.3. Thus, her notice of appeal was due by May 9, 2024. *See* TEX. R. APP. P. 26.1.

---

[1] *See* TEX. R. APP. P. 45.

Dunbar did not file her notice of appeal until June 24, 2024. Without a timely filed notice of appeal, we lack jurisdiction over this appeal.[2] *See* Tex. R. App. P. 25.1; *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010).

Dunbar argues that this Court should construe her attempt to appeal as a restricted appeal because she was "medically unfit to participate in the proceedings that led to the judgment."

A restricted appeal is available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* Tex. R. App. P. 30. A party filing a restricted appeal must show that: (1) she filed her notice of restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying suit; (3) she did not participate at the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014).

Here it is undisputed that Dunbar appeared through counsel at the hearing that resulted in the complained-of judgment. Therefore, she has not met the jurisdictional requirements to proceed with a restricted appeal. *See* Tex. R. App. P. 30; *Pike-Grant*, 447 S.W.3d at 886.

---

[2] This Court notified Dunbar of its intent to dismiss the appeal for lack of jurisdiction.

3

Dunbar further argues that she was "incapacitated by medical reasons to participate in the case and could not instruct her Attorney to file an Appeal" at the time her notice of appeal was due. She asks this Court to "consider these special circumstances and assume jurisdiction over this appeal."

"As an intermediate court, we do not have the authority to construe a rule of procedure liberally to enlarge our jurisdiction." *White v. Baker & Botts*, 833 S.W.2d 327, 329 (Tex. App.—Houston [1st Dist.] 1992, no writ); *see* TEX. R. APP. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court *must not construe this rule to . . . alter the time for perfecting an appeal in a civil case*." (emphasis added)).

Because Dunbar's notice of appeal was not timely filed, we lack jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1. Accordingly, we grant Bolding's and Williams's motions to dismiss the appeal. *See* TEX. R. APP. P. 43.2(f).

In his motion, Williams also seeks sanctions against Dunbar. He contends that her appeal is frivolous because it was not timely filed. He seeks reimbursement for his attorney's fees and costs as damages.

Rule 45 of the Texas Rules of Appellate Procedure provides: "If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award

4

each prevailing party just damages." TEX. R. APP. P. 45. In determining whether an appeal is frivolous, we apply an objective test. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). We review "the record from the viewpoint of the advocate and decide whether [s]he had reasonable grounds to believe the case could be reversed." *Id*. In doing so, we must "exercise prudence and caution and use careful deliberation." *Id*.

In this case, although Dunbar's attempt to bring a restricted appeal lacks merit, we decline to conclude that her attempt to appeal was objectively frivolous. *See id*. We deny Williams's request for sanctions against her. *See id*.

We dismiss any other pending motions as moot.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.