**Opinion issued December 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00428-CV**

———————————

**BLOCK, INC., Appellant[1]**

**V.**

**HS&D LLC, Appellee**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-65488**

---

[1]     Angelica Alvarez, one of two codefendants in the underlying case, appealed from the trial court's default judgment against her. Three months later, Block, Inc. filed a restricted appeal from the same default judgment. This Court dismissed the appeal because Alvarez failed to pay the filing fee after notice. Block, Inc. moved for rehearing, and the Court granted the motion rehearing and reinstated Block, Inc.'s appeal. Thus, Block, Inc. is the sole appellant.

**MEMORANDUM OPINION**

Block, Inc. ("Block") filed a restricted appeal from the trial court's no-answer default judgment, which found that Block failed to comply with a temporary restraining order and temporary injunction and that it was jointly and severally liable for $133,481.15 plus interest and attorney's fees. On appeal, Block argues that the trial court erred by entering default judgment because (1) no citation was on file with the court, (2) it was not named as a defendant in any pleading, (3) neither the restraining order nor temporary injunction named Block, (4) Block did not receive notice of the restraining order, temporary injunction, or hearing on either, and (5) noncompliance with a restraining order or temporary injunction cannot support a default judgment awarding compensatory damages. HS&D did not file a brief in our Court.

Because we hold that error exists on the face of the record, we reverse and remand.

### Background

HS&D provides payment services to its customers, "act[ing] as a middleman for its customers who want to pay vendors using a service like CashApp when such vendors don't accept payment by CashApp." HS&D maintained that Angelica Alvarez, a former employee, had stolen funds by depositing customer funds into her personal CashApp account instead of the HS&D CashApp account. Alvarez,

2

who was separated from her then-husband Michael Stevenson, blamed Stevenson, and he denied the allegation and blamed Alvarez.

HS&D sued both Alvarez and Stevenson alleging causes of action for fraud, money had and received, and violation of the Texas Uniform Trade Secret Act. In its original petition, which is the live pleading in this case, HS&D identified Alvarez and Stevenson as defendants, and it pleaded, "Block, Inc. is a necessary party and may be served through its registered agent . . . ." Block is not mentioned again in the petition. Nevertheless, according to the return of service affidavit, Block was served with a copy of the HS&D's original petition and request for injunctive relief and temporary restraining order, by service on its registered agent for service of process, CT Corporation.

HS&D obtained a temporary restraining order and then a temporary injunction. The October 7, 2022 temporary restraining order provided:

> Upon the amount of the bond being posted, Defendant Angelica Alvarez and Defendant Michael Allan Stevenson are hereby temporarily restrained from: (1) attempting to withdraw or remove any funds held in any CashApp account in the name of Angelica Alvarez and/or Michael Allan Stevenson and or Lucky Bunny or over which they have control, including but not limited to the account under CyberKing8011@gmail.com; (2) contacting Plaintiff's [HS&D's] customers; and (3) closing or interfering with Plaintiff's gmail accounts, until this case is resolved.

Block was not mentioned in the temporary restraining order. Similarly, the October 24, 2022 temporary injunction included, word-for-word, the same three

prohibitions and failed to mention Block. The temporary injunction set the case for trial, and the certificate of service shows that Alvarez was sent a copy of the temporary injunction. But neither Block nor Stevenson was included in the certificate of service.

About four months after the trial court entered the temporary injunction, HS&D filed a motion for default judgment. In that motion, HS&D stated: "Defendants are Angelica Alvarez, Michael Allan Stevenson and Block, Inc." HS&D also asserted that the deadline for Block to file an answer was November 7, 2022 based on service by certified mail on October 17, 2022. The motion for default judgment was set for a Zoom hearing, and the notice of hearing was sent by the efiling system to HS&D's lawyers and to Alvarez, but not to Block. Block did not attend the hearing. At the hearing, Sandra Brignoni, the owner and president of HS&D, testified that Block is the parent company for CashApp and that she sued Block along with Alvarez and Stevenson. In response to counsel's questions, she agreed that the temporary restraining order and the temporary injunction "ordered that the funds were to be frozen in that CashApp account." And in regard to Block's liability, she again agreed with counsel's statement:

> Q. Okay. And so HS&D, likewise, hold Block, Inc. accountable for the money that was in that CashApp account, [$]133,481.15, for violating the terms of the TRO and the TI and not freezing that–those funds because we are–although we don't have

specific access to that account, we're fairly certain, based on vehicles and other assets that you've learned about Ms. Alvarez and Mr. Stevenson purchasing, that they've taken that money and used it for their own devices; is that right?

A.    Correct.

After the hearing, the trial court entered judgment, stating that "Block, Inc. failed to file an answer in this case." The trial court found that Alvarez and Stevenson committed fraud against HS&D, and that Block "failed to comply with the Court's Temporary Restraining [O]rder and Temporary Injunction with respect to Plaintiff's funds held in Defendant Block, Inc.'s account." The trial court ordered Alvarez, Stevenson, and Block to pay $133,481.15, plus pre- and post-judgment interest at the rate of 7.75%, taxable court costs, and attorney's fees of $20,000, "all for which . . . Alvarez . . . Stevenson and Block, Inc. are jointly and severally liable." No post-judgment motions were filed.

Just over four months later, Block filed a notice of restricted appeal.

**Analysis**

**I.    Restricted Appeal and No-Answer Default Judgment**

A restricted appeal is a type of direct attack on a default judgment. *Am. Servs. U.S., LLC v. Identity Built, LLC*, No. 01-23-00540-CV, 2025 WL 1256273, at *2 (Tex. App.—Houston [1st Dist.] May 1, 2025, pet. denied) (mem. op.); TEX. R. APP. P. 30. To prevail on a restricted appeal, a party must prove that (1) it brought the appeal within six months after the trial court signed the judgment;

5

(2) it was a party to the suit; (3) it did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see Invesco Inv. Servs., Inc. v. Fid. Deposit & Disc. Bank*, 355 S.W.3d 257, 259 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The face of the record consists of all the papers on file in the appeal, including any reporter's record.").

"A no-answer default judgment is properly granted if (1) the plaintiff files a petition that states a cause of action; (2) the petition invokes the trial court's jurisdiction; (3) the petition gives fair notice to the defendant of the claim asserted; and (4) the petition does not disclose any invalidity of the claim on its face." *Composite Sols., LLC v. Composite Advanced Techs. LLC*, No. 01-20-00413-CV, 2021 WL 4095249, at *2 (Tex. App.—Houston [1st Dist.] Sept. 9, 2021, no pet.) (mem. op.). Although a party's failure to answer a petition acts as a deemed admission of the properly pleaded facts (except the amount of unliquidated damages), the failure to file an answer cannot create liability where none exists as a matter of law. *Pinter v. Asafi Law Firm*, No. 01-12-00048-CV, 2012 WL 5458426, at *2 (Tex. App.—Houston [1st Dist.] Nov. 8, 2012, no pet.) (mem. op.). For example, if the facts alleged in the plaintiff's petition do not state a cause of action, or if the facts alleged affirmatively disclose the invalidity of the plaintiff's cause of

6

action, then there is error on the face of the record. *Composite Sols., LLC*, 2021 WL 4095249, at *2.

## II. Timely Filing, Party to Suit, Non-Participation, No Post-Judgment Filings

The appellate record shows that Block satisfied the first three elements necessary to prevail on a restricted appeal. *See Pike-Grant*, 447 S.W.3d at 886. First, Block filed its notice of appeal within six months after the trial court signed the judgment. *See id.* The trial court signed the judgment in this case on April 27, 2023, and Block filed its notice of appeal four months and five days later on September 1, 2023. We conclude that Block satisfies the first element of its restricted appeal. *See id.*

Second, Block was a party to the suit. *See id.* Block was named as a "necessary party" in the petition, and it was served with the original petition and citation on October 17, 2022. Block was also named as a party in the trial court's final judgment. In its notice of appeal, Block notes that it is "a party affected by the trial court's judgment." We conclude that Block satisfies the second element of its restricted appeal. *See id.*

Third, the record reflects that Block did not file any pleadings or any response to the motion for default judgment before the hearing and that neither it nor its counsel appeared at the hearing. The reporter's record shows that John J. Klevenhagen, III, counsel for HS&D, was the only person to make an appearance

7

at the hearing, and Brignoni was the only witness to testify (except for Klevenhagen who made a statement about attorney's fees on the record). Liberally construing the non-participation requirement, as we must, *see id.*, we conclude that the record shows Block did not participate in the hearing resulting in the default judgment. *See Pike-Grant*, 447 S.W.3d at 886; TEX. R. APP. P. 30.

The record further reflects that Block did not timely file any post-judgment motions or a request for findings of fact and conclusions of law. *See Pike-Grant*, 447 S.W.3d at 886; TEX. R. APP. P. 30. Block's notice of appeal states that it "did not timely file either a post-judgment motion, request for findings of fact and conclusions of law, or notice of appeal." The clerk's record does not include any such filings. Accordingly, we conclude that Block satisfied the third requirement of its restricted appeal. *See Pike-Grant*, 447 S.W.3d at 886.

## III. Error Apparent on the Face of the Record

On appeal, Block argues multiple reasons why error is apparent on the face of the record. We need not consider all of these reasons, however, because we conclude that HS&D's petition did not assert a cause of action against Block and therefore cannot support the trial court's default judgment against him. *See* TEX. R. APP. P. 47.1.

A plaintiff's pleading must plainly state the cause of action and "provide fair notice to the defendant of the basis of a plaintiff's cause of action." *Fairdale Ltd. v.*

8

*Sellers*, 651 S.W.2d 725, 725 (Tex. 1982); *see* TEX. R. CIV. P. 45(b) (plaintiff's pleading must include "a statement in plain and concise language of the plaintiff's cause of action . . ." that gives "fair notice to the opponent . . . [of] the allegations as a whole"); TEX. R. CIV. P. 47 (pleading setting forth claim for relief must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). When determining whether a cause of action has been pleaded, we must be able to ascertain the elements of the cause of action from the pleadings alone. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979); *Pinter*, 2012 WL 5458426, at *3 (cleaned up).

A trial court's judgment must be based on the pleadings. TEX. R. CIV. P. 301; *see Fairdale Ltd.*, 651 S.W.2d at 725 ("A default judgment must be supported by a petition which states a cause of action."). In a restricted appeal, error is apparent from the face of the record when judgment is rendered on an unpleaded cause of action. *Pinter*, 2012 WL 5458426, at *6 (holding that there was error on face of record when petition did not "contain sufficient factual allegations to state a cause of action against Pinter").

HS&D's live pleading, the original petition, mentioned Block only once, and it did not identify him as a defendant. The petition stated only that Block "is a necessary party and may be served through its registered agent . . . ." The facts alleged in the petition pertained to HS&D's business of acting as a middleman for

9

customers who wished to pay vendors using CashApp when those vendors did not accept payment by CashApp. The petition alleged facts about Alvarez's and Stevenson's alleged involvement with the theft of over $133,000, but it made no mention of whether or how Block was involved in any of the activities that formed the factual basis for HS&D's claims. The petition incorporated by reference an attached affidavit from Brignoni, which also included no mention of Block.

The petition pleaded causes of action against Alvarez and Stevenson for fraud, money had and received, and violation of the Texas Uniform Trade Secret Act. But it did not state any cause of action as to Block. In short, the petition in no way provided fair notice to Block of the basis of HS&D's claims against it. *See Fairdale Ltd.*, 651 S.W.2d at 725; *see also* TEX. R. CIV. P. 45(b), 47. We cannot ascertain from HS&D's petition the elements of any cause of action against Block. *See Stoner*, 578 S.W.2d at 683. We hold there is error on the face of the record because HS&D's petition does not contain sufficient factual allegations to state a cause of action against HS&D. *See Pinter*, 2012 WL 5458426, at *6; *see also Composite Sols., LLC*, 2021 WL 4095249, at *2.

Accordingly, we conclude that Block has satisfied the fourth and final element of its restricted appeal.

## Conclusion

We reverse the trial court's default judgment and remand for further proceedings.

Susanna Dokupil
Justice

Panel consists of Chief Justice Adams, and Justices Morgan and Dokupil.